1  XAVIER BECERRA
   Attorney General of California
2  GAVIN G. MCCABE
   Supervising Deputy Attorney General
3  MELINDA F. PILLING, SBN 274929
   TIMOTHY E. SULLIVAN, SBN 197054
4  JONATHAN WIENER, SBN 265006
   Deputy Attorneys General
5    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
6    Telephone:  (415) 703-5969
     Fax:  (415) 703-5480
7    E-mail:  Jonathan.Wiener@doj.ca.gov
   *Attorneys for Plaintiff State of California*

8

9                  IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  STATE OF CALIFORNIA, STATE OF NEW
    YORK, STATE OF CONNECTICUT, STATE
13  OF ILLINOIS, STATE OF IOWA, STATE OF        **COMPLAINT FOR DECLARATORY**
    MAINE, STATE OF MARYLAND,                   **AND INJUNCTIVE RELIEF**
14  COMMONWEALTH OF MASSACHUSETTS,
    STATE OF MINNESOTA, BY AND                  **(Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*)**
15  THROUGH ITS MINNESOTA POLLUTION
    CONTROL AGENCY, STATE OF OREGON,
16  COMMONWEALTH OF PENNSYLVANIA,
    STATE OF RHODE ISLAND, STATE OF
17  VERMONT, STATE OF WASHINGTON, and
    DISTRICT OF COLUMBIA,
18
                                    Plaintiffs,
19
         **v.**
20

21  SCOTT PRUITT, as Administrator of the
    United States Environmental Protection
22  Agency, and the UNITED STATES
    ENVIRONMENTAL PROTECTION
23  AGENCY,

24                                 Defendants.

25

26      Plaintiffs California, New York, Connecticut, Illinois, Iowa, Maine, Maryland,

27  Massachusetts, Oregon, Pennsylvania, Rhode Island, Vermont, Washington, and the District of

28  Columbia, by their respective Attorneys General, and Minnesota, by and through its Minnesota

                                            1

Pollution Control Agency, (collectively, the "States"), allege as follows:

## NATURE OF THE ACTION

1.      The States bring this action to compel E. Scott Pruitt, in his official capacity as Administrator of the United States Environmental Protection Agency, and the United States Environmental Protection Agency (together, "EPA"), to fulfill their mandatory duty under the Clean Air Act to designate all areas of the country as in or out of compliance with health and welfare standards, referred to as the National Ambient Air Quality Standards ("NAAQS"), for ozone. These designations trigger the steps necessary to protect the public from the various health effects—such as heart disease, bronchitis, and asthma—this pollution causes or exacerbates. Section 107(d)(1)(B) of the Clean Air Act, 42 U.S.C. § 7407(d)(1)(B), requires the Administrator to promulgate designations of "attainment," "nonattainment," or "unclassifiable" for the NAAQS for all areas of the country as expeditiously as practicable, but in no case later than two years from the date EPA promulgates a new NAAQS. EPA promulgated a new NAAQS for ozone on October 1, 2015, and, more than two years later, EPA has not promulgated designations for all areas. Indeed, EPA has not promulgated designations for *any* nonattainment areas, which are the areas with the highest concentrations of ozone and so most in need of the corrective plans that designation triggers. Therefore, the States seek both declaratory relief and an injunction requiring EPA to promptly promulgate all overdue designations by a date certain.

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to section 304(a)(2) of the Clean Air Act, 42 U.S.C. § 7604(a)(2), which authorizes any person, after duly giving notice, to commence a citizen suit in district court against the EPA Administrator for failing to perform a nondiscretionary duty under the Clean Air Act. The Court also has jurisdiction to hear this civil action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel officer or agency to perform a duty owed to plaintiffs).

## VENUE

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the States' claim occur in this judicial district. The

1    Administrator's failure to perform his nondiscretionary duty to designate areas as in or out of

2    attainment with the ozone NAAQS is adversely impacting areas within this judicial district,

3    which experiences elevated levels of ozone pollution. Indeed, California, as a result of its unique

4    topography, contains some of the worst ozone pollution in the country, and is sorely in need of

5    protection and planning.

6        4.      In addition, EPA has failed to issue a designation for the San Francisco Bay Area.

7    Despite the recommendation of the California Air Resources Board, EPA has not made a

8    nonattainment designation for the San Francisco Bay Area (comprising the counties of Marin,

9    Napa, Contra Costa, Alameda, Santa Clara, San Francisco, and San Mateo, and portions of the

10   counties of Solano and Sonoma). The lack of a nonattainment designation for the Bay Area

11   undermines the ability of state and local regulators to improve the region's air quality, by

12   depriving them of crucial regulatory tools that are not readily available otherwise.

13                              **INTRADISTRICT ASSIGNMENT**

14       5.      Intradistrict assignment of this matter to the San Francisco Division of the Court is

15   appropriate pursuant to Civil Local Rule 3-2(e) because a substantial part of the events or

16   omissions giving rise to the claims in this case occurred in the County of San Francisco.

17                                      **PARTIES**

18       6.      Plaintiff State of California is a sovereign entity that brings this action on behalf of

19   its citizens and residents to protect their health and well-being, and on its own behalf to protect its

20   interests as administrator of healthcare programs and schools, its interests as an employer, and its

21   interests in protecting and preserving the natural resources held in trust by the State.

22       7.      Plaintiff State of New York is a sovereign entity that brings this action on behalf of

23   its citizens and residents to protect their health and well-being, and on its own behalf to protect its

24   interests as administrator of healthcare programs and schools, its interests as an employer, and its

25   interests in protecting and preserving the natural resources held in trust by the State.

26       8.      Plaintiff State of Connecticut is a sovereign entity that brings this action on behalf

27   of its citizens and residents to protect their health and well-being, and on its own behalf to protect

28

Complaint for Declaratory and Injunctive Relief

its interests as administrator of healthcare programs and schools, its interests as an employer, and its interests in protecting and preserving the natural resources held in trust by the State.

9.      Plaintiff State of Illinois is a sovereign entity that brings this action on behalf of its citizens and residents to protect their health and well-being, and on its own behalf to protect its interests as administrator of healthcare programs and schools, its interests as an employer, and its interests in protecting and preserving the natural resources held in trust by the State.

10.      Plaintiff State of Iowa is a sovereign entity that brings this action on behalf of its citizens and residents to protect their health and well-being, and on its own behalf to protect its interests as administrator of healthcare programs and schools, its interests as an employer, and its interests in protecting and preserving the natural resources held in trust by the State.

11.      Plaintiff State of Maine is a sovereign entity that brings this action on behalf of its citizens and residents to protect their health and well-being, and on its own behalf to protect its interests as administrator of healthcare programs and schools, its interests as an employer, and its interests in protecting and preserving the natural resources held in trust by the State.

12.      Plaintiff State of Maryland is a sovereign entity that brings this action on behalf of its citizens and residents to protect their health and well-being, and on its own behalf to protect its interests as administrator of healthcare programs and schools, its interests as an employer, and its interests in protecting and preserving the natural resources held in trust by the State.

13.      Plaintiff Commonwealth of Massachusetts is a sovereign entity that brings this action on behalf of its citizens and residents to protect their health and well-being, and on its own behalf to protect its interests as administrator of healthcare programs and schools, its interests as an employer, and its interests in protecting and preserving the natural resources held in trust by the State.

14.      Plaintiff State of Minnesota, by and through its Minnesota Pollution Control Agency ("MPCA"), brings this action to protect the health and well-being of its citizens and residents, and to preserve its interest in providing environmental protection to the State. The MPCA is Minnesota's lead agency for enforcing environmental regulations and is responsible for reducing the amount of air pollution that is emitted in the State. Minn. Stat. § 116.07.

4

15. Plaintiff State of Oregon is a sovereign entity that brings this action on behalf of its citizens and residents to protect their health and well-being, and on its own behalf to protect its interests as administrator of healthcare programs and schools, its interests as an employer, and its interests in protecting and preserving the natural resources held in trust by the State.

16. Plaintiff Commonwealth of Pennsylvania is a sovereign entity that brings this action on behalf of its citizens and residents to protect their health and well-being, and on its own behalf to protect its interests as administrator of healthcare programs and schools, its interests as an employer, and its interests in protecting and preserving the natural resources held in trust by the State.

17. Plaintiff State of Rhode Island is a sovereign entity that brings this action on behalf of its citizens and residents to protect their health and well-being, and on its own behalf to protect its interests as administrator of healthcare programs and schools, its interests as an employer, and its interests in protecting and preserving the natural resources held in trust by the State.

18. Plaintiff State of Vermont is a sovereign entity that brings this action on behalf of its citizens and residents to protect their health and well-being, and on its own behalf to protect its interests as administrator of healthcare programs and schools, its interests as an employer, and its interests in protecting and preserving the natural resources held in trust by the State.

19. Plaintiff State of Washington is a sovereign entity that brings this action on behalf of its citizens and residents to protect their health and well-being, and on its own behalf to protect its interests as administrator of healthcare programs and schools, its interests as an employer, and its interests in protecting and preserving the natural resources held in trust by the State.

20. Plaintiff District of Columbia is a municipal corporation created by an act of Congress, and is the local government for the territory constituting the permanent seat of the government of the United States, and is empowered, through its Office of the Attorney General, to bring this action on behalf of its citizens and residents.

21. Each of the states is a "person" as defined in the applicable provision of the Clean Air Act, 42 U.S.C. § 7602(e).

5

22.    Defendant E. Scott Pruitt is Administrator of the EPA and is sued in his official capacity. The Administrator is charged with implementation and enforcement of the Clean Air Act, including the requirement to timely promulgate nonattainment area designations for the ozone NAAQS set forth in section 107(d)(1)(B) of the Clean Air Act.

23.    Defendant United States Environmental Protection Agency is the federal agency charged by Congress with implementing and enforcing the Clean Air Act, including the requirement to timely promulgate nonattainment area designations for the ozone NAAQS.

### STATUTORY AND REGULATORY FRAMEWORK

24.    The Clean Air Act requires EPA to promulgate a health-based (primary) NAAQS for criteria pollutants, such as ozone, at a level that is requisite to protect public health with an adequate margin of safety. 42 U.S.C. § 7409(b)(1). EPA also must promulgate welfare-based (secondary) NAAQS at a level that is requisite to protect public welfare. *Id.* § 7409(b)(2). Pursuant to the statute, EPA is required to review and revise the NAAQS for criteria pollutants every five years. *Id.* § 7409(d)(1).

25.    EPA's promulgation of a NAAQS sets in motion a multiyear process under the statute that is designed to result in cleaner air for the public. *See* 42 U.S.C. §§ 7407(d)(1)(A), (B) (setting forth deadlines for state and EPA designations based on date the NAAQS was promulgated) and 7410(a)(1) (deadline for states to submit implementation plan revisions tied to NAAQS promulgation date).

26.    Once EPA promulgates a NAAQS, within one year each State must recommend designations of areas within its borders as either (1) "attainment," meaning the area attains the NAAQS and does not contribute to another area's inability to attain the NAAQS; (2) "nonattainment," meaning the area does not attain the NAAQS or contributes to another area's inability to meet the NAAQS; or (3) "unclassifiable," which means the area cannot be classified as attainment or nonattainment and will be treated, for regulatory purposes, as in attainment. 42 U.S.C. § 7407(d)(1)(A). After evaluating the recommended designations and making any necessary changes, EPA must issue all designations "as expeditiously as practicable, but in no case later than 2 years from the date of promulgation of the new or revised [NAAQS]." *Id.*

6

§ 7407(d)(1)(B)(i). EPA may extend its deadline to issue the designations by up to one year only in the event that it has "insufficient information" to issue them. *Id.* If EPA intends to modify a recommended designation for an area, it must give at least 120-day advance notice of the proposed change to the state. 42 U.S.C. § 7407(d)(B)(ii).

27.     The Clean Air Act's anti-backsliding provision locks in protections for nonattainment areas once they are designated as nonattainment, even if a NAAQS is later weakened. 42 U.S.C. § 7502(e).

28.     A delay in any of the steps in this process delays when the public receives the air quality benefits of a stronger air-quality standard.

## STATEMENT OF FACTS

**A.**     **Ozone Pollution**

29.     Ozone—commonly referred to at ground level as "smog"—is a colorless, odorless gas that forms when other pollutants, emerging from tailpipes and smokestacks, such as nitrogen oxide and volatile organic compounds (known as ozone "precursors") react in the presence of sunlight. EPA has found significant health effects associated with exposure to ozone, including aggravation of existing conditions like asthma, bronchitis, heart disease, and emphysema, as well as coughing, throat irritation, and lung tissue damage. Exposure to ozone also has been linked to early deaths. Children, the elderly, and people who already have lung diseases are particularly at risk from exposure to ozone pollution.

30.     Ozone pollution is a particular problem in major metropolitan areas such as the San Francisco Bay Area, Sacramento, Los Angeles, and the New York City area, as well as in California's Central Valley. Ozone is not only a result of local pollution; many northeastern states have high levels of ozone pollution because, in part, they are located downwind of numerous coal-fired power plants in the Midwest. Other stationary and mobile sources can also contribute to high ozone levels. Additionally, health effects can result from both long-term and short-term exposure to ozone pollution. Therefore, interstate or upwind ozone pollution can harm public health not only within nonattainment areas, but also in downwind areas within states that experience short-term elevated ozone levels.

31.     The pollution reductions EPA expects to result from attainment of the 2015 ozone NAAQS in California will—each year—save between 115 and 218 lives, prevent many hundreds of hospital visits for asthma and other respiratory problems, and enable children to attend 120,000 days of school they would otherwise be forced to miss. EPA, Regulatory Impact Analysis of the Final Revisions to the National Ambient Air Quality Standards for Ground-Level Ozone, ES-18, tbl. ES-10, *available at* https://www.epa.gov/sites/production/files/2016-02/documents/20151001ria.pdf. All told, EPA projects that attainment in California alone will lead to net annual health benefits of up to $1.3 billion, a result of avoided health care costs, lost work days, and school absences. Id., tbl. ES-9. Similar health and economic benefits are projected by EPA to result from attainment of the NAAQS throughout the rest of the country each year, including 316 to 660 lives saved, nearly 900 prevented hospital visits for asthma and other respiratory problems, and 160,000 avoided school absences, culminating in net annual health benefits of up to $4.5 billion. Id., ES-15 & 16, tbls. ES-5 & 6.

**B.      Failure of the Defendants to Promulgate Nonattainment Designations**

32.     Acting upon the advice of its objective scientific committee and on the basis of extensive studies showing that prior federal standards were set too high to protect public health and welfare, EPA promulgated revisions to the primary and secondary standards for ozone NAAQS on October 1, 2015, in a rule that was subsequently published in the Federal Register. *National Ambient Air Quality Standards for Ozone*, 80 Fed. Reg. 65,292 (Oct. 26, 2015), *codified at* 40 C.F.R. § 50.15 ("2015 ozone NAAQS"). The 2015 ozone NAAQS lowered the primary and secondary standard to 0.070 parts per million (ppm), strengthening the previous standard of 0.075 ppm set in 2008.

33.     Upon information and belief, as required under section 107(d)(1)(A) of the Clean Air Act, 42 U.S.C. § 7407(d)(1)(A), all states have submitted their recommended area designations to EPA.

34.     Under section 107(d)(1)(B), 42 U.S.C. § 7407(d)(1)(B), EPA was required to issue designations for all areas pursuant to the new, more protective standard by no later than October 1, 2017.

35.     On June 21, 2017, EPA announced without notice and comment that it was giving itself a one-year extension to issue the designations, extending the deadline to October 1, 2018. *Extensions of Deadline for Promulgating Designations for the 2015 Ozone National Ambient Air Quality Standards*, 82 Fed. Reg. 29,246 (June 21, 2017) (the "Deadline Extension"). Various states and non-profit organizations petitioned the United States Court of Appeals for the District of Columbia Circuit for review of the Deadline Extension. *See* D.C. Cir. Case Nos. 17-1172, 17-1185, 17-1187.

36.     After being sued, EPA purported to reverse course by issuing a notice withdrawing the Deadline Extension. *See Withdrawal of Extension of Deadline for Promulgating Designations for the 2015 Ozone National Ambient Air Quality Standards*, 82 Fed. Reg. 37,318 (Aug. 10, 2017) (the "Withdrawal Notice"). EPA admitted in the Withdrawal Notice that the October 1, 2017, deadline once again applied. *See id.* at 37,319 ("[T]the EPA is withdrawing its prior announced 1-year extension of the deadline for promulgating initial area designations for the 2015 ozone NAAQS, and the 2-year deadline for promulgating designations provided in section 107(d)(1)(B) of the CAA applies."). Notwithstanding EPA's withdrawal of the extension, the October 1, 2017 deadline passed without EPA's having made any of the required designations.

37.     On November 6, 2017, EPA issued designations for some areas of the country. *See Air Quality Designations for the 2015 Ozone National Ambient Air Quality Standards*, 82 Fed. Reg. 54,232 (Nov. 16, 2017). Notably, EPA's designations were all for "attainment" or "attainment/unclassifiable" areas. *Id.* at 54,232. EPA made no "nonattainment" designations. "Nonattainment" designations typically trigger state implementation planning to adopt ozone reduction measures to improve air quality and comply with new standards. Regarding the overdue designations, EPA stated "[f]or other areas not addressed in this final rule, the EPA is not extending the time provided under section 107(d)(1)(B) of the Clean Air Act but is not yet prepared to issue designations. The agency intends to address these areas in a separate future action." *Id.* EPA was silent as to how far in the "future" such action could be expected. The areas EPA failed to designate include many densely populated areas, in plaintiff States and elsewhere, that suffer from the highest levels of ozone. In fact, more than half of the U.S. population lives in

9

the undesignated areas. In some Plaintiff States, such as Connecticut, the entirety of the state remains undesignated. The Clean Air Act contains no provision authorizing EPA to selectively designate only areas that are in attainment with the ozone NAAQS, while indefinitely delaying issuance of other areas that may also be in attainment as well as the crucial nonattainment designations that necessitate remedial action.

38.     EPA's failure to timely designate nonattainment areas delays the Clean Air Act's requirements for measures to reduce pollution in these areas, thus resulting in further harm to public health. Such delay leads to additional health care expenses, including for the States as administrators of healthcare programs for low-income people and seniors. Premature deaths and missed work and school days resulting from ozone-related health problems also harms the States' interests as administrators of schools and as employers.

39.     EPA has still not issued all area designations for the 2015 ozone NAAQS. The agency's failure to issue the designations constitutes a violation of a nondiscretionary duty under section 107(d)(1)(B) of the Clean Air Act, 42 U.S.C. § 7407(d)(1)(B), to promulgate timely area designations for the 2015 ozone NAAQS, subjecting the agency to suit under section 304(a)(2) of the Clean Air Act, 42 U.S.C. § 7604(a)(2). The result is that planning to attain the new standards is not required to begin in nonattainment areas that are without a designation, anti-backsliding protections are not in place, and many millions of people continue to suffer from unhealthy air, contrary to the Clean Air Act's fundamental mandates.

**C.     <u>Notice of Violation</u>**

40.     On October 5 and 6, 2017, the States sent citizen-suit notice letters by certified mail to the EPA Administrator notifying him of the violation of section 107(d)(1)(B) and of the States' intention to commence a lawsuit if EPA did not correct the violation within 60 days (attached).

41.     More than 60 days have passed since notice was provided and EPA has not issued all of the ozone NAAQS designations required under section 107(d)(1)(B).

\\\

\\\

**FIRST CAUSE OF ACTION**
**(Failure to Perform a Nondiscretionary Duty**
**to Issue Area Designations for 2015 Ozone NAAQS)**

42.     As set forth above, in light of the October 1, 2015 promulgation of the 2015 ozone NAAQS, EPA had a nondiscretionary duty, pursuant to section 107(d)(1)(B) of the Clean Air Act, 42 U.S.C. § 7407(d)(1)(B), to issue all area designations for the NAAQS by no later than October 1, 2017.

43.     EPA's failure to issue all area designations for the 2015 ozone NAAQS is a violation of 42 U.S.C. § 7407(d)(1)(B) that continues and is ongoing to this day.

44.     This ongoing violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator" under 42 U.S.C. § 7604(a)(2).

45.     EPA's failure to perform its nondiscretionary duty has harmed and continues to harm the States by delaying the implementation of a more protective ozone standard that will lead to cleaner air in the States, benefitting the health and welfare of our citizens.

## REQUESTED RELIEF

**WHEREFORE,** the States respectfully request that this Court enter judgment against defendants as follows:

A.     Declare that defendants are in violation of section 107(d)(1)(B) of the Clean Air Act, 42 U.S.C. § 7607(d)(1)(B), for failing to issue designations for all areas for the 2015 ozone NAAQS;

B.     Enjoin defendants to promptly perform their mandatory duty to promulgate all area designations for the 2015 ozone NAAQS by a date certain;

C.     Award the States the costs of the litigation, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 7604(d);

D.     Retain jurisdiction over this matter until such time as defendants have fully complied with their nondiscretionary duty to promulgate area designations for the 2015 ozone NAAQS by a date certain; and

E.     Such other relief as the Court deems just and proper.

Dated:  December 5, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
GAVIN G. MCCABE
Supervising Deputy Attorney General

**/s/Jonathan Wiener**
JONATHAN WIENER
MELINDA F. PILLING
TIMOTHY E. SULLIVAN
Deputy Attorneys General
*Attorneys for Plaintiff State of California by
and through Attorney General Xavier Becerra
and the California Air Resources Board*

FOR THE STATE OF NEW YORK

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

Morgan A. Costello*
Brian Lusignan*
Assistant Attorneys General
Environmental Protection Bureau
The Capitol
Albany, NY 12224
(518) 776-2399

FOR THE STATE OF CONNECTICUT

GEORGE JEPSEN
ATTORNEY GENERAL

Jill Lacedonia*
Assistant Attorney General
Office of the Attorney General
P.O. Box 120, 55 Elm Street
Hartford, CT 06141-0120
(860) 808-5250

FOR THE STATE OF ILLINOIS

LISA MADIGAN
ATTORNEY GENERAL

Gerald T. Karr*
Assistant Attorney General
69 W. Washington St., 18th Floor
Chicago, IL 60602
(312) 814-0660

FOR THE STATE OF IOWA

THOMAS J. MILLER
ATTORNEY GENERAL

Jacob Larson*
Assistant Attorney General
Office of Iowa Attorney General
Hoover State Office Building
1305 E. Walnut Street, 2nd Floor
Des Moines, Iowa 50319
(515) 281-5341

* Application for admission *pro hac vice* to be
filed shortly after filing complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR THE STATE OF MAINE

JANET T. MILLS
ATTORNEY GENERAL

Gerald D. Reid*
Natural Resources Division Chief
6 State House Station
Augusta, ME 04333
(207) 626-8800

FOR THE COMMONWEALTH OF
MASSACHUSETTS

MAURA HEALEY
ATTORNEY GENERAL

Carol Iancu*
Assistant Attorney General
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 963-2428

FOR THE STATE OF OREGON

ELLEN F. ROSENBLUM
ATTORNEY GENERAL

Paul Garrahan*
Attorney-in-Charge
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4593

FOR THE STATE OF MARYLAND

BRIAN E. FROSH
ATTORNEY GENERAL

Leah Tulin*
Assistant Attorney General
Office of the Maryland Attorney General
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-6962

FOR THE STATE OF MINNESOTA, BY
AND THROUGH ITS MINNESOTA
POLLUTION CONTROL AGENCY

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

Max Kieley*
Assistant Attorney General
445 Minnesota Street, Suite 900
St. Paul, Minnesota 55101-2127
(651) 757-1244

*Attorney for the State of Minnesota, by and
through its Minnesota Pollution Control
Agency*

FOR THE COMMONWEALTH OF
PENNSYLVANIA

JOSH SHAPIRO
ATTORNEY GENERAL

Steven J. Santarsiero*
Michael J. Fischer*
Chief Deputy Attorneys General
PA Office of the Attorney General
21 South 12th Street, Third Floor
Philadelphia, PA 19107
(215) 560-2380

* Application for admission *pro hac vice* to be
filed shortly after filing complaint

13

1

2

FOR THE STATE OF RHODE ISLAND

FOR THE STATE OF VERMONT

3

PETER F. KILMARTIN
ATTORNEY GENERAL

THOMAS J. DONOVAN, JR.
ATTORNEY GENERAL

4

5

6

7

Gregory S. Schultz*
Special Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Katherine Pohl (Bar No. 288288)
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-3186

8

FOR THE STATE OF WASHINGTON

FOR THE DISTRICT OF COLUMBIA

9

ROBERT W. FERGUSON
ATTORNEY GENERAL

KARL A. RACINE
ATTORNEY GENERAL
ROBYN M. BENDER
DEPUTY ATTORNEY GENERAL
PUBLIC ADVOCACY DIVISION

10

11

12

13

14

15

Katharine G. Shirey*
Assistant Attorney General
Office of the Attorney General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-6769

Catherine A. Jackson*
Chief, Public Integrity Section
Office of the Solicitor General
Office of the Attorney General
441 4th Street, NW, Suite 630S
Washington, DC 20001
(202) 442-9864

16

17

18

19

20

21

22

23

24

25

* Application for admission *pro hac vice* to be filed shortly after filing complaint

26

27

28

SF2017402490
41893175.doc

14

# ATTACHMENT A

**ATTORNEYS GENERAL OF NEW YORK, CALIFORNIA, CONNECTICUT, ILLINOIS, IOWA, MAINE, MASSACHUSETTS, MINNESOTA, BY AND THROUGH ITS MINNESOTA POLLUTION CONTROL AGENCY, OREGON, PENNSYLVANIA, RHODE ISLAND, VERMONT, WASHINGTON, AND DISTRICT OF COLUMBIA**

October 5, 2017

**<u>Via Certified Mail</u>**
E. Scott Pruitt, Administrator
Office of the Administrator (1101A)
Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, DC 20460

> Re:    Notice of Intent to Sue for Failure to Issue Designations for 2015 Ozone National Ambient Air Quality Standards

Dear Administrator Pruitt:

The States of New York, California, Connecticut, Illinois, Iowa, Maine, Minnesota, by and through its Minnesota Pollution Control Agency, Oregon, Rhode Island, Vermont and Washington, the Commonwealths of Massachusetts and Pennsylvania, and the District of Columbia (collectively, "States") hereby provide notice pursuant to Section 304(a)(2) of the Clean Air Act, 42 U.S.C. § 7604(a)(2), of our intent to commence litigation regarding EPA's failure to timely issue nonattainment designations on the national ambient air quality standards (NAAQS) for ozone promulgated on October 1, 2015.  See 65 Fed. Reg. 65,292 (Oct. 26, 2015).

As you are aware, EPA's promulgation of NAAQS sets in motion a process under the statute that several years later results in air quality benefits.  See 42 U.S.C. § 7407(d)(1)(A), (B) (setting forth deadlines for state and EPA designation of nonattainment areas based on date the NAAQS was promulgated) and § 7410(a)(1) (deadline for states to submit implementation plan revisions tied to NAAQS promulgation date).  Once EPA promulgates a NAAQS, states must propose designations of nonattainment areas within their borders within a year.  42 U.S.C. § 7407(d)(1)(A).  EPA must then promulgate the designations (after making any necessary changes) "as expeditiously as practicable, but in no case later than 2 years from the date of promulgation of the new or revised [NAAQS]."  Id., § 7407(d)(1)(B).  The agency may extend this deadline by up to one year in the event that it has "insufficient information" to promulgate the designations.  Id.  A delay in any of these steps in the process in turn delays when the public receives the air quality benefits of a stronger standard.

Here, EPA has failed to issue the designations for nonattainment areas for the 2015 ozone standards as required under 42 U.S.C. § 7407(d)(1)(B).  Under that statutory provision, the promulgation of the ozone NAAQS on October 1, 2015 started the clock ticking for EPA to issue the designations by October 1, 2017.  On June 28, 2017, EPA promulgated a rule giving itself an extension of one year to issue the designations, stating that it had "insufficient information" to complete the designations.  82 Fed. Reg. 29,246 (June 28, 2017) (the "designations delay").

After a collection of states[*] and environmental organizations challenged EPA's designations delay in court, EPA abruptly reversed course and withdrew the designations delay. 82 Fed. Reg. 37,318 (Aug. 10, 2017). However, EPA was still equivocal on whether the 2015 ozone NAAQS designations would be made by the statutory deadline, noting that although there "may be areas of the United States for which designations could be promulgated" by the deadline, "[t]he Administrator may still determine that an extension of time to complete designations is necessary." 82 Fed. Reg. at 37,319.

As of today, EPA has failed to promulgate nationwide designations for the 2015 ozone NAAQS. The agency's failure to issue the designations constitutes a violation of a nondiscretionary duty under 42 U.S.C. § 7407(d)(1)(B) to promulgate timely nonattainment designations for the 2015 ozone NAAQS, subjecting the agency to suit under Section 304(a)(2) of the Act, 42 U.S.C. § 7604(a)(2). Accordingly, the States intend to file a lawsuit in federal district court to compel EPA to comply with its obligations under the statute.

If you would like to discuss this matter prior to expiration of the 60-day notice period, you may have your counsel contact us through New York Assistant Attorney General Brian Lusignan at the address below.

Very truly yours,

ERIC T. SCHNEIDERMAN
Attorney General of New York

By:

MORGAN COSTELLO
BRIAN LUSIGNAN
Assistant Attorneys General
Environmental Protection Bureau
The Capitol
Albany, New York 12224
(518) 776-2399
Brian.Lusignan@ag.ny.gov
For the State of New York

---

[*]The governmental units challenging the designations delay consisted of the States of New York, California, Connecticut, Delaware, Illinois, Iowa, Maine, Minnesota, by and through its Minnesota Pollution Control Agency, New Mexico, Oregon, Rhode Island, Vermont, and Washington, the Commonwealths of Massachusetts and Pennsylvania, and the District of Columbia.

FOR THE STATE OF CALIFORNIA

XAVIER BECERRA
ATTORNEY GENERAL OF CALIFORNIA

Robert W. Byrne
Senior Assistant Attorney General
Gavin G. McCabe
Supervising Deputy Attorney General
Melinda Pilling
Timothy E. Sullivan
Deputy Attorneys General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
(415) 703-5585

*Attorneys for State of California, by and
through the California Air Resources Board
and Attorney General Xavier Becerra*

FOR THE STATE OF ILLINOIS

LISA MADIGAN
ATTORNEY GENERAL

Matthew J. Dunn
Gerald T. Karr
James P. Gignac
Assistant Attorneys General
69 W. Washington St., 18th Floor
Chicago, IL 60602
(312) 814-0660

FOR THE STATE OF MAINE

JANET T. MILLS
ATTORNEY GENERAL

Gerald D. Reid
Natural Resources Division Chief
6 State House Station
Augusta, ME 04333
(207) 626-8800

FOR THE STATE OF CONNECTICUT

GEORGE JEPSEN
ATTORNEY GENERAL

Matthew I. Levine
Jill Lacedonia
Assistant Attorneys General
Office of the Attorney General
P.O. Box 120, 55 Elm Street
Hartford, CT 06141-0120
(860) 808-5250

FOR THE STATE OF IOWA

THOMAS J. MILLER
ATTORNEY GENERAL

Jacob Larson
Assistant Attorney General
Office of Iowa Attorney General
Hoover State Office Building
1305 E. Walnut Street, 2nd Floor
Des Moines, Iowa 50319
(515) 281-5341

FOR THE COMMONWEALTH OF
MASSACHUSETTS

MAURA HEALEY
ATTORNEY GENERAL

Carol Iancu
Assistant Attorney General
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 963-2428

3

FOR THE STATE OF MINNESOTA, BY AND
THROUGH ITS MINNESOTA POLLUTION
CONTROL AGENCY

OFFICE OF THE ATTORNEY GENERAL

State of Minnesota
Max Kieley
Assistant Attorney General
445 Minnesota Street, Suite 900
St. Paul, Minnesota 55101-2127
(651) 757-1244

*Attorney for the State of Minnesota, by and
through its Minnesota Pollution Control
Agency*

FOR THE COMMONWEALTH OF
PENNSYLVANIA

JOSH SHAPIRO
ATTORNEY GENERAL

Steven J. Santarsiero
Michael J. Fischer
Chief Deputy Attorneys General
PA Office of the Attorney General
Strawberry Square
Harrisburg, PA 17102
(215) 560-2380

FOR THE STATE OF VERMONT

THOMAS J. DONOVAN, JR.
ATTORNEY GENERAL

Nicholas F. Persampieri
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-3186

FOR THE STATE OF OREGON

ELLEN F. ROSENBLUM
ATTORNEY GENERAL

Paul Garrahan
Attorney-in-Charge
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4593

FOR THE STATE OF RHODE ISLAND

PETER F. KILMARTIN
ATTORNEY GENERAL

Gregory S. Schultz
Special Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

FOR THE STATE OF WASHINGTON

ROBERT W. FERGUSON
ATTORNEY GENERAL

Katharine G. Shirey
Assistant Attorney General
Office of the Attorney General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-6769

FOR THE DISTRICT OF COLUMBIA

KARL A. RACINE
ATTORNEY GENERAL

Loren L. Alikhan
Deputy Solicitor General
Office of the Solicitor General
Office of the Attorney General
441 4th Street, NW, Suite 600S
Washington, DC 20001
(202) 727-6287

# ATTACHMENT B



**BRIAN E. FROSH**
*Attorney General*

**ELIZABETH F. HARRIS**
*Chief Deputy Attorney General*

**CAROLYN QUATTROCKI**
*Deputy Attorney General*

## STATE OF MARYLAND
## OFFICE OF THE ATTORNEY GENERAL

FACSIMILE NO. 410-576-7036

WRITER'S DIRECT DIAL NO. 410-576-6311

October 6, 2017

**VIA CERTIFIED MAIL**

E. Scott Pruitt, Administrator
Office of the Administrator (1101A)
Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, DC 20460

Re:   Notice of Intent to Sue for Failure to Issue Designations for 2015 Ozone National
      Ambient Air Quality Standards

Dear Administrator Pruitt:

Maryland hereby provides notice pursuant to Section 304(a)(2) of the Clean Air Act, 42 U.S.C. § 7604(a)(2), of its intent to commence litigation regarding EPA's failure to timely issue nonattainment designations on the national ambient air quality standards (NAAQS) for ozone promulgated on October 1, 2015. See 65 Fed. Reg. 65,292 (Oct. 26, 2015).

As you are aware, EPA's promulgation of NAAQS sets in motion a process under the statute that several years later results in air quality benefits. See 42 U.S.C. § 7407(d)(1)(A), (B) (setting forth deadlines for state and EPA designation of nonattainment areas based on date the NAAQS was promulgated) and § 7410(a)(1) (deadline for states to submit implementation plan revisions tied to NAAQS promulgation date). Once EPA promulgates a NAAQS, states must propose designations of nonattainment areas within their borders within a year. 42 U.S.C. § 7407(d)(1)(A). EPA must then promulgate the designations (after making any necessary changes) "as expeditiously as practicable, but in no case later than 2 years from the date of promulgation of the new or revised [NAAQS]." Id., § 7407(d)(1)(B). The agency may extend this deadline by up to one year in the event that it has "insufficient information" to promulgate the designations. Id. A delay in any of these steps in the process in turn delays when the public receives the air quality benefits of a stronger standard.

Here, EPA has failed to issue the designations for nonattainment areas for the 2015 ozone standards as required under 42 U.S.C. § 7407(d)(1)(B). Under that statutory provision, the promulgation of the ozone NAAQS on October 1, 2015 started the clock ticking for EPA to issue the designations by October 1, 2017. On June 28, 2017, EPA promulgated a rule giving itself an extension of one year to issue the designations, stating that it had "insufficient information" to complete the designations. 82 Fed. Reg. 29,246 (June 28, 2017) (the "designations delay").

Administrator E. Scott Pruitt
October 6, 2017
Page 2 of 2

complete the designations.  82 Fed. Reg. 29,246 (June 28, 2017) (the "designations delay").
After a collection of states and environmental organizations challenged EPA's designations
delay in court, EPA abruptly reversed course and withdrew the designations delay. 82 Fed. Reg.
37,318 (Aug. 10, 2017). However, EPA was still equivocal on whether the 2015 ozone NAAQS
designations would be made by the statutory deadline, noting that although there "may be areas
of the United States for which designations could be promulgated" by the deadline, "[t]he
Administrator may still determine that an extension of time to complete designations is
necessary." 82 Fed. Reg. at 37,319.

As of today, EPA has failed to promulgate nationwide designations for the 2015 ozone
NAAQS. The agency's failure to issue the designations constitutes a violation of a
nondiscretionary duty under 42 U.S.C. § 7407(d)(1)(B) to promulgate timely nonattainment
designations for the 2015 ozone NAAQS, subjecting the agency to suit under Section 304(a)(2)
of the Act, 42 U.S.C. § 7604(a)(2).  Accordingly, Maryland intends to file a lawsuit in federal
district court to compel EPA to comply with its obligations under the statute.

If you would like to discuss this matter prior to expiration of the 60-day notice period,
you may have your counsel contact us through Maryland Assistant Attorney General Leah Tulin
at the address below.

Very truly yours,

BRIAN E. FROSH
Attorney General of Maryland

By:

STEVEN SULLIVAN
LEAH TULIN
Assistant Attorneys General
200 St. Paul Place, 20th Floor
Baltimore, Maryland
(410) 576-6962
ltulin@oag.state.md.us
For the State of Maryland